# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| JUAN VAZQUEZ | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. _____ |
| v. | ) | |
| | ) | |
| ANTONIO VERA and | ) | Judge _____ |
| VERA INTERIOR CONSTRUCTION, | ) | |
| LLC | ) | |
| | ) | **Jury Demand** |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

For his Complaint against Defendant Antonia Vera ("Mr. Vera") and Defendant Vera Interior Construction, LLC. ("Vera Interior, LLC") (all defendants collectively known as "Defendants"), Plaintiff Juan Vazquez ("Plaintiff" or "Mr. Vazquez") states as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is an action for damages for unlawful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and, specifically, the collective action provision of the act found at § 216(b), to remedy violations of the wage provisions of the FLSA by Defendants which deprived Plaintiff of his lawful wages. Defendants have violated the overtime and/or record keeping provisions of the FLSA.

2. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this is a civil action and Plaintiff's claims arise under laws of the United States.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to this action occurred within this District and Defendants are located, reside, and/or do business in this District

4. Plaintiff is an individual residing in Davidson County, Tennessee.

5. At all times material herein, Plaintiff has been employed by Defendants as a manual laborer.

6. Upon information and belief, Vera Interior Construction, LLC is a professional limited liability company formally licensed to do business in the State of Tennessee. Its registered agent for services of process is Antonio Vera, 536 Northcrest Dr., Nashville, Tennessee 37211. Vera Interior Construction, LLC has personal jurisdiction in Tennessee for the purpose of this lawsuit.

7. Defendant Antonio Vera is an individual residing in Davidson County, Tennessee and regularly conducts business in this judicial district.

8. Defendant Antonio Vera owns and operates Vera Interior Construction, LLC, a construction contractor.

## CAUSE OF ACTION – FLSA

9. Injunctive and declaratory relief, damages, and other appropriate legal and equitable relief are sought pursuant to the FLSA.

10. At all times material to this Complaint, Plaintiff was employed by the Defendants as a manual laborer.

11. At all times material herein while employed by Defendants, Plaintiff was engaged in activities in interstate commerce.

12. Defendants are an "employer" within the meaning of 29 U.S.C. § 203(d) and a "person" within the meaning of 29 U.S.C. § 203(a).

13. At all times material to this action, Defendants have been an enterprise engaged in commerce as defined by 29 U.S.C. § 203(r)(1), with an annual dollar business volume exceeding $500,000.00.

14. At all times material to this Complaint, Defendants failed to post the wage and hour notices required by the FLSA and accompanying regulations. Accordingly, the doctrine of equitable tolling should be applied to toll the statute of limitations for the longest period that the Court deems appropriate. Plaintiff has been employed by Defendants within the last two years.

15. Plaintiff's duties were those of an hourly, non-exempt employee, specifically manual laborer.

16. Plaintiff routinely worked in excess of 40 hours per week but was never paid an overtime premium as required by the FLSA.

17. Plaintiff worked hours in excess of 40 hours per week while employed by Defendants for which he was improperly paid at rates less than one and one-half times their normal hourly rate.

18. Defendants' actions, as set forth more fully below, in failing to compensate Plaintiff in accordance with the overtime provisions of the FLSA were willful.

19. Plaintiff seeks back pay, liquidated damages, declaratory judgment, costs, attorney's fees, and other appropriate legal and equitable relief pursuant to the FLSA.

20. The minimum wage, overtime, and record keeping provisions set forth in §§ 206, 207, and 2011 of the FLSA, apply to Defendants and to Plaintiff while Plaintiff was employed by Defendants.

# FACTS

21. Defendant Antonio Vera owned and operate Vera Interior Construction, LLC. As the owner/operator, Mr. Vera set company policy, hired and fired employees, set employee schedules, directed employee duties, maintained and managed employees' payroll, dispersed paychecks (or the cash equivalent), and disciplined employees.

22. Plaintiff was employed by Mr. Vera and Vera Interior as an hourly, non-exempt employee by Defendants as a manual laborer from 2009 through September, 2020.

23. While employed by Defendants, Plaintiff was paid straight time for hours worked in a week up to 40. These hours were recorded by Defendants and straight time wages were paid to Plaintiff from Defendants by check.

24. Plaintiff regularly worked 8-16 hours beyond 40 hours each week. However, Defendants failed to record these hours and either did not pay Plaintiff at all for these overtime hours worked or only paid Plaintiff with cash at his regular rate.

25. At no time did Defendants ever pay Plaintiff at the one and one-half times his regular rate of pay for hours worked in excess of 40 hours per week.

## COUNT 1 – DEFENDANTS' FAILURE TO PAY PROPER WAGES AND OVERTIME PREMIUMS TO PLAINTIFF IN VIOLATION OF THE FLSA

26. Defendant has violated and continues to violate the minimum wage provisions of the FLSA, resulting in damages to Plaintiff in the form of unpaid wages, incurred and incurring costs, and reasonable attorney's fees.

27. As a result of the minimum wage, overtime, and record keeping violations of the FLSA, Plaintiff has suffered, and continues to suffer, damages by failing to receive his lawful wages during his tenure of employment with Defendant. In addition to the amount of unpaid

wages owing to Plaintiff, he is also entitled to an additional amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and/or prejudgment interest.

28. Plaintiff is also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

29. Defendants failed to meet the requirements of 29 U.S.C. § 201, *et seq.*, by instituting policies and engaging in practices that deprived Plaintiff his lawful wages, including among others, the following:

      a.    failing to properly record the hours worked by Plaintiff;

      b.    failing to pay Plaintiff at the time-and-one-half overtime premium for all hours worked over 40 in a workweek;

30. Defendant's actions in failing to compensate Plaintiff in accordance with the provisions of the FLSA were willful and not in good faith. Defendant owes Plaintiff $18,970.00 in unpaid wages that he rightfully earned between on or about February 17, 2018 and on or about September 1st, 2020.

31. In addition, because Defendant's actions were willful and not in good faith, Plaintiff is entitled to full liquidated damages resulting in an award of $18,970.00.

32. Defendant is under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve payroll and other employment records of Plaintiff from which the amounts of the Defendants' liability can be ascertained.

## **PRAYER FOR RELIEF**

WHEREFORE, premises considered, the named, representative Plaintiff, individually, and on behalf of all other similarly situated persons, pursuant to 29 U.S.C. § 216(b), pray for the following relief:

5

1. that process issue against Defendants and that Defendants be required to answer within the time period provided by applicable law;

3. that Plaintiff be awarded damages in the amount if his unpaid wages totaling $18,970.00, an additional, equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b), and prejudgment interest;

5. that Defendants be required to pay Plaintiff' attorneys' fees;

6. that Defendants be required to pay the costs and expenses of this action;

7. that Plaintiff be granted such other, further, and general relief to which he may be entitled; and,

8. that a jury be impaneled to hear this cause of action.

Respectfully submitted,

Tim Lee Law Firm

*/s/ Timothy M. Lee*
Timothy M. Lee (#32222)
Attorney for Plaintiff
810 Dominican Drive
Nashville, Tennessee 37228
P: (615) 988-0090
F: (615) 630-6430
tim@timleelawfirm.com