IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JUAN VAZUEZ | ) |
| | ) |
| v. | ) NO. 3:21-cv-00127 |
| | ) |
| ANTONIO VERA and VERA INTERIOR | ) |
| CONSTRUCTION, LLC | ) |

**TO:** Honorable Waverly D. Crenshaw, Jr., Chief District Judge

### REPORT AND RECOMMENDATION

For the reasons set out below, the undersigned respectfully recommends that this case be dismissed.

### I. BACKGROUND

This case was filed on February 17, 2021 (Docket No. 1) by plaintiff Juan Vazquez (the "Plaintiff") against defendants Antonio Vera ("Vera") and Vera Interior Construction, LLC (together, the "Defendants"), seeking relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* On October 15, 2021, a suggestion of death of defendant Antonio Vera Cervantes aka Antonio Vera was filed by Defendants' counsel. (Docket No. 22.) The suggestion of death also states that defendant Antonio Vera was also the sole owner and member of defendant Vera Interior Construction, LLC. (*Id.* at 1.)

Following the filing of the suggestion of death, the Court directed counsel of record for Defendants to report on the status of substitution of a representative party for Defendants. (Docket No. 24.) By filing on November 16, 2021, Defendants' counsel of record reported that

1

no heir of decedent Antonio Vera was willing to open an estate or seek appointment as a representative. (Docket No. 25.) Thereafter, the Court held a status conference at which Defendants' counsel of record made the same report. (Order at Docket No 26.)

By order of November 18, 2021, the Court reminded the parties of the mandate of Rule 25[1] for dismissal upon the death of a party if a motion for substitution is not made within 90 days of statement noting the party's death. (*Id*. at 1-2.) The Court's November 18 order further warned the parties that this case would be dismissed if a motion to substitute party was not timely filed by January 13, 2022. (*Id*. at 2.)[2] No motion for substitution was timely filed, despite notice having been given multiple times to the decedent's heir. *See* Docket Nos. 25, 27, and 28.

## II. LEGAL STANDARD AND ANALYSIS

The plain language of Rule 25 provides that

> [i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Here, the statement noting the death of defendant Antonio Vera was filed on October 15, 2021. (Docket No. 22.) The 90th day after October 15, 2021 was January 13, 2022. The heir to decedent Antonio Vera was given multiple notices of the

---

[1] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.
[2] Defendants' counsel subsequently moved for and were given permission to withdraw based on the failure of decedent Antonio Vera's heir to open an estate to have a personal representative appointed for decedent. (Docket Nos. 27 and 28.)

requirement of a motion for substitution. *See* Docket Nos. 25, 27, and 28. Despite these notices, no motion for substitution was timely filed. Dismissal under Rule 25(a)(1) is now mandatory.[3]

### III. RECOMMENDATION

For the reasons set out above, it is respectfully RECOMMENDED that this case be DISMISSED under Fed. R. Civ. P. 25(a)(1).

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

        Respectfully submitted,

        BARBARA D. HOLMES
        United States Magistrate Judge

---

[3] Dismissal of the entire case is warranted because there are no other defendants besides the decedent Antonio Vera and his single-member LLC.